IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL ORRIN BAKER,** ) | |
|         **Plaintiff,** ) | |
| ) | |
|         v. ) | C.A. No. 05-146 Erie |
| ) | |
| ) | **District Judge McLaughlin** |
| **UNITED STATES OF AMERICA, et al.,** ) | **Magistrate Judge Baxter** |
|         **Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that:

1. The individual Defendants' motion to dismiss for lack of subject matter jurisdiction [Document # 20] be granted; and

2. The United States' motion to dismiss or, in the alternative, motion for summary judgment [Document # 18] be granted.

By separate Order filed this day, the individual Defendants' motion to strike Plaintiff's demands for punitive damages and trial by jury [Document # 22] will be dismissed as moot in light of this Report and Recommendation.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution at Lisbon, Ohio, originally filed this *pro se* action in the United States District Court for the Eastern District of Pennsylvania against the United States of America and "Government Officials at FCI McKean," pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*  The case was transferred to this judicial district on May 16, 2005, and Plaintiff was subsequently granted leave to file an amended complaint on January 5, 2006.  In

1

his amended complaint, Plaintiff added as Defendants Robert Reome (incorrectly named as "Mr. Rayome"), Ellen McNinch (incorrectly named as "Ellen McNinchs"), Lou Merillo, Warden James Sherman, and Kathleen Hawk Sawyer (collectively referred to hereafter as "individual Defendants"). In his amended complaint, Plaintiff alleges that the government was negligent in allowing him to be exposed to environmental tobacco smoke ("ETS") at FCI-McKean from October 9, 1995 to September 9, 2000, and again from August 2002 to July 1, 2004.[1] Plaintiff alleges that as a result of his prolonged exposure to ETS, he is at risk of developing a host of diseases. In addition, Plaintiff alleges that "the Government Officials" retaliated against him by denying him recreational privileges and transferring him to another correctional facility, after he started to complain about medical symptoms caused by ETS. As relief, Plaintiff seeks fifteen million dollars in compensatory and punitive damages.

Presently before this Court is the individual Defendants' motion to dismiss for lack of subject matter jurisdiction [Document # 20], and the United States' motion to dismiss or, in the alternative, motion for summary judgment [Document # 18]. Plaintiff has filed an opposition brief and the United States has filed a supplemental brief. This matter is now ripe for disposition by this Court.

## B. Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state

---

[1] Plaintiff was transferred to FCI-Loretto on or about June 30, 2000, and remained there until September 12, 2002, at which time he was transferred back to FCI-McKean. Plaintiff was again transferred out of FCI-McKean on July 1, 2004, and has not returned since.

a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.     Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the  as deficient on its face, the Court must take all allegations in the complaints as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3.     Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no

relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 4. Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56

The United States has submitted exhibits and a declaration in support of its motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### C.     The Exhaustion Requirement of the Federal Tort Claims Act

The United States moves to dismiss a portion of the claims due to Plaintiff's failure to exhaust administratively in accordance with the FTCA.

Generally, under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a).  The terms of the government's consent define the court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).  The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated.  28 U.S.C. § 2674.

As a non-waivable prerequisite to the filing of the lawsuit, the FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency.  Id; See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995). The purpose of the "exhaustion requirement is [...] to provide notice to the agency so that it can investigate the claim." Barnes v. United States, 137 Fed.Appx. 184, 188 (10th Cir. 2005) citing Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852-53 (10th Cir. 2005).

Plaintiff's administrative tort claim was submitted on January 23, 2004, and was received by the Federal Bureau of Prisons ("BOP") on January 30, 2004.  In his tort claim, Plaintiff complained of his exposure to environmental tobacco smoke from January 2003 through the date of his claim. (Document # 19, Exhibit 1b at pp. 2-3).  By Memorandum issued June 24, 2004, Plaintiff's administrative tort claim was denied by the Northeast Regional Counsel of the Federal Bureau of Prisons. (Document # 19, Exhibit 1c).

Plaintiff's administrative tort claim only mentions Plaintiff's exposure to ETS from

January 2003 through January 23, 2004, thereby only providing notice of his complaint regarding the exposure between those specific dates. Thus, the BOP was not properly notified as to claims arising during any other time period. The only time period which has been presented to the agency through the administrative review process is January 2003 through January 2004. Because Plaintiff has failed to present the entirety of his claim to the agency in accordance with the requirements of 28 U.S.C. § 2674, the claims involving the unexhausted time periods cannot proceed. Summary judgment should be granted in favor of the United States in this regard.

Moreover, Plaintiff's administrative tort claim makes no mention of retaliation and no further administrative tort claims were filed by Plaintiff with regard to this issue. (Declaration of Joyce Horikawa attached as Exhibit 1 to Document # 19 ("Horikawa Declaration"), at ¶ 4). Even if Plaintiff's claim of retaliation were properly exhausted, it is well settled that claims for damages arising from constitutional violations can only be brought against individual federal defendants under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and cannot be asserted against the United States or any of its components. See FDIC v. Meyer, 510 U.S. 471, 485 (1994)(holding that a Bivens cause of action cannot be brought against a federal agency). In Meyer, the Supreme Court recognized that an action for damages may not be brought against the United States unless it waives its sovereign immunity. 510 U.S. at 485. The only waiver exposing the United States to tort liability is the FTCA, which does not apply to a constitutional claims such as the retaliation claim asserted by Plaintiff in this case. As a result, Plaintiff's retaliation claim against the United States should be dismissed.

### D.   Exhaustion Requirement - Bivens Claims

To the extent Plaintiff is claiming retaliation against the individual Defendants, he must have exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prisons, or other correctional facility until such administrative

Id.   remedies as are available are exhausted.

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal prisoners.  The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997).   First, "an inmate shall ... present an  issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).   Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).   The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a).   An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).  However, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis

v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

A plaintiff need not affirmatively plead exhaustion, since exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the recent Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality; rather, it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78. There is, however, language in *Nyhuis* reflecting the Circuit's "understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis, 204 F.3d at 77-78. The Third Circuit has not yet fully explored the meaning of "substantial compliance": "Whatever the parameters of 'substantial compliance' referred to [in *Nyhuis*], it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed." Ahmed, 297 F.3d at 209.

Defendants assert that Plaintiff has failed to exhaust his administrative remedies on his Bivens claim of retaliation. This assertion is supported by the Declaration of Joyce Horikawa, Senior Attorney Advisor for the BOP's Northeast Regional Office, who certifies that no administrative grievance raising a claim of retaliation has ever been filed by Plaintiff. (See Horikawa Declaration at ¶ 4). Plaintiff has provided no documentary evidence contradicting Ms. Horikawa's Declaration. Therefore, Plaintiff's Bivens claim of retaliation against the individual Defendants is not properly before this Court and should be dismissed.

### E.     Individual Defendants

In their motion to dismiss, the individual Defendants argue that Plaintiff cannot proceed with his FTCA claims against them because they are not proper parties under the FTCA.  The Court agrees.  Although the FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees, the United States is the only proper defendant in an action brought under the FTCA. 28 U.S.C. § 2679; see, e.g., Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998); Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985).  Thus, Plaintiff's FTCA claims against the individual Defemdants should be dismissed.

### F.     The Discretionary Function Exception to the FTCA

The United States moves to dismiss the remainder of Plaintiff's FTCA claim because it is excluded from the FTCA's waiver of sovereign immunity by the discretionary function exception.

While the FTCA generally grants jurisdiction to the tort plaintiff, there are some notable exceptions to the Act that put certain actions by government employees beyond the jurisdiction of the federal courts.  One such exception that the government raises here is the discretionary function exception. Complaints that fall within the discretionary function exception must be dismissed for a lack of subject matter jurisdiction.  Attallah v. United States, 955 F.2d 776, 783 (1st Cir. 1992).

The statute provides that the United States is immune from liability for any claim

> "based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation ... or based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

28 U.S.C. § 2680 (a) (1988).   The discretionary function exception to the FTCA "marks the boundary between Congress's willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."

10

United States v. S.A. Empresa Biacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).  The purpose of the exception to liability is to avoid judicial second-guessing of legislative and administrative decisions that are grounded in social, economic, and political policies.  United States v. Gaubert, 499 U.S. 315, 323 (1991).

The Supreme Court has provided a two-part inquiry, frequently referred to as the Berkovitz-Gaubert test, to guide the application of the discretionary function exception.  Berkovitz v. United States, 486 U.S. 531 (1988); Gaubert, 499 U.S. at 322.  First, a district court must determine whether the nature of the conduct involves an "element of judgment or choice."  Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000), citing Gaubert, 499 U.S. at 322.  "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive."  Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997), citing Gaubert, 499 U.S. at 322.  In other words, when the conduct is specifically mandated by statute or regulation and does not provide any employee discretion, the challenged conduct is not entitled to immunity and thus, subject matter jurisdiction exists.  Second, "even if the challenged conduct involves an element of judgment, the court must determine 'whether the judgment is of the kind that the discretionary function exception was designed to shield.'"  Mitchell, 225 F.3d at 363, quoting Gaubert, 499 U.S. at 322-23.  The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken and on whether they are susceptible to policy analysis."  Id.

The operation of a federal prison involves a wide range of social and economic considerations, with social concerns and considerations that are markedly different from the issues that arise in the operation of any other organization.  Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977).  Although the prison officials of the United States

have a statutory duty[2] to protect inmates from harm, generally decisions regarding the best way to safeguard prisoners are discretionary in nature and do not provide subject matter jurisdiction to the federal courts for negligence claims against the United States. See Castillo v. United States, 2006 WL 45554 (3d Cir. January 10, 2006) (integration plan involving two rival gangs which resulted in a melee within discretionary function exception); Cohen v. United States, 151 F.3d 1338, 1340-45 (11th Cir. 1998) (charge of negligence for improperly classifying assailant inmate at the lowest security level within discretionary function exception); Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795-97 (8th Cir. 1998) (charges of negligence for failing to warn inmate that his youthful appearance made him vulnerable to sexual attack and failure to act on plaintiff's complaint that other inmate was staring at him in a sexual manner within the discretionary function exception); Calderon v. United States, 123 F.3d 947, 948-51 (7th Cir. 1997) (charge of negligence for ignoring repeated information about threats against plaintiff by another inmate prior to attack within discretionary function exception); and Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990) (discretionary function exception applied to prisoners' FTCA claim for damages sustained while prisoners were held hostage by Cuban detainees during a prison uprising).

With respect to the use of tobacco products, Bureau of Prisons staff are directed by regulation which provides that "all areas of Bureau of Prisons facilities [...] are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in § 551.163." 28 C.F.R. § 551.162. Section 551.163 provides that the Warden make determinations regarding the use of tobacco products:

> ... **the Warden shall identify outdoor smoking areas and may, but is not required to, designate** a limited number of indoor smoking areas where the needs of effective operation so require, especially for those who may be employed in, or restricted to, a nonsmoking area for an extended period of time.

---

[2] Title 18 U.S.C. § 4042(a)(2), (3) provides:

> The Bureau of Prisons ... shall ... provide ... for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States ... [and] provide for the protection ... of all persons charged with or convicted of offenses against the United States.

\* \* \*

> **To the maximum extent practicable**, nonsmoking inmates shall be housed in nonsmoking living quarters.

28 C.F.R. § 551.163(b) and (c) (emphasis added). Pursuant to this regulation, the Warden at FCI-McKean instituted a policy on June 21, 2002, which, in pertinent part, provides as follows:

> Housing Units: Smoking is only permitted in inmate rooms as designated by the Unit manager of each unit. In the event that the inmate room is assigned to one inmate smoker and one non-smoker, the room **will** be designated a non-smoking room. There is no smoking in the common areas, other multi-purpose areas, or entrance-ways of the housing units.

(Institution Supplement attached as Exhibit 1 to Document # 19, at ¶ 3b(2)(a)) (emphasis added).

According to this policy, the Unit manager of each unit was granted the discretion to allow smoking in inmate rooms within his or her unit.

The record in this case shows that the Unit manager designated the upper range cells at FCI-McKean for inmates who smoked. (See Document # 24, attachment 1 and Document # 19, Exhibit 7). Nevertheless, Plaintiff, a non-smoker, has alleged that he was housed in an upper range cell at FCI-McKean "for 7 years with a smoker that smoked 4 to 5 packs a day..." (Document # 24 at p. 14). This occurred despite the Warden's policy directive that an inmate room housing both a smoker and a non-smoker **will** be designated a non-smoking room. This directive is non-discretionary, yet was not followed by the Unit manager. As a result, the first prong of the Berkovitz-Gaubert inquiry has not been satisfied and the discretionary function exception to the FTCA's waiver of sovereign immunity does not apply.

### G.     Actual Injury

In its supplemental brief, the United States argues that all of Plaintiff's claims should be dismissed because he cannot demonstrate that he suffered any ETS-related injury during the relevant time period from January 2003 through January 30, 2004. (Document # 25 at p. 2). This claim is supported by the medical record in this case, which demonstrates that the only medical treatment Plaintiff received during the time period at issue was for a scalp infection, and

13

for inflammation and bleeding on the skin of his hand. (See Declaration of A. Bussanich, M.D., attached as Exhibit 2 to Document # 25, at ¶¶ 2a-2h).[3]

Under Pennsylvania law, no cause of action for personal injury arises until there has been an actual injury. See, e.g., Openbrier v. General Mills, 340 Pa. 167, 169 (1940); Emert v. Larami Corp., 414 Pa. 396 (1964). Indeed, "[a] basic tenet of tort law is that the plaintiff cannot recover without proof of actual injury or damage." Peterman v. Techallov Company, Inc., 1982 WL 124 (Pa.Com.Pl. 1982), citing Troutman v. Tabb, 285 Pa. Super. 353, 359 (1981)("We are also guided by the rule that in a negligence action proof of damage is an essential element. Nominal damages cannot be recovered where no actual loss has occurred"). "When a plaintiff fails to establish damage in a tort action, the defendant is entitled to a verdict although guilty of negligence." Sisk v. Duffy, 201 Pa.Super. 213, 216 (1963); Troutman, 285 Pa.Super. At 359. Thus, a tort claim action cannot be sustained on the basis of speculative future injuries. See Peterman, 1982 WL at * 3.

Here, while Plaintiff claims to have suffered a plethora of "current and future ailments," the medical record plainly reveals that all such ailments are purely speculative in nature. As a result, Plaintiff's negligence claims against the United States should be dismissed.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that:

1. The individual Defendants' motion to dismiss for lack of subject matter jurisdiction [Document # 20] be granted; and

2. The United States' motion to dismiss or, in the alternative, motion for summary judgment [Document # 18] be granted.

By separate Order filed this day, the individual Defendants' motion to strike Plaintiff's

---

[3] This medical record belies Plaintiff's claim that "due to his exposure to environmental tobacco smoke 'ETS,' plaintiff's current and future ailments include, but are not limited to, Lung Cancer, Cardiovascular Diseases, Acute Respiratory Diseases, Emphysema, Bronchitis, Asthma, Shortness of Breath, Exhaustion, Diabetic Diseases, leukemia, Peptic Ulcers, Dizziness, Tuberculosis, Chronic Headaches, Watery Infections, Ear Infections, Memory Loss, Depression, Allergies, Inability to Eat, Chest Pains, Difficulty Breathing, Numbness in my Limbs, Teary Eyes, Itching, ..." (Document # 18, Amended Complaint, at p. 9).

demands for punitive damages and trial by jury [Document # 22] will be dismissed as moot in light of this Report and Recommendation.

      In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                        S/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief United States Magistrate Judge

Dated: June 14, 2006