IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL ORRIN BAKER, )
        Plaintiff, )
)
v. ) Civil Action No. 05-146 Erie
)
UNITED STATES OF AMERICA, )
et al., )
)
        Defendants. )

## MEMORANDUM ORDER

McLaughlin, Sean J., District J.,

    Plaintiff Darryl Orrin Baker filed a pro se lawsuit against the Defendants[1] under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, alleging personal injuries caused by his exposure to second-hand smoke while incarcerated at FCI McKean in McKean County, Pennsylvania. In his suit, Plaintiff alleged that, due to his prolonged exposure to environmental tobacco smoke, he is at risk of developing a host of diseases. He further alleged that officials had retaliated against him due to his complaints. As relief, he sought a total of $15 million in compensatory and punitive damages.

    Eventually, the individual Defendants filed a motion to dismiss the suit due to a lack of subject matter jurisdiction [20], and the United States filed a motion to dismiss and/or for summary judgment [18] based on Plaintiff's failure to exhaust his administrative remedies with respect to certain parts of his claim, the lack of subject

---

[1] The lawsuit was originally filed in federal court in the Eastern District of Pennsylvania and named as Defendants the United States of America and "Government Officials at FCI McKean." The case was transferred to this judicial district on May 16, 2005 and Plaintiff subsequently amended his complaint to name as Defendants the United States of America, Robert Reome (incorrectly identified as "Mr. Rayone"), Ellen McNinch (incorrectly identified as "Ellen McNinchs"), Lou Merillo, Warden James Sherman and Kathleen Hawk Sawyer.

matter jurisdiction as to other aspects of Plaintiff's claim, and Plaintiff's failure to demonstrate any actual injury. On June 14, 2006, Chief United States Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation [26] in which she recommended that these dispositive motions be granted. Thereafter, Plaintiff filed objections [28]. On July 11, 2006, this Court entered a Memorandum Order [29] adopting Chief Magistrate Judge Baxter's Report and Recommendation and dismissing the case.

No appeal was taken, but staff notes entered on the docket sheet on July 24, 2006 indicate: "Order dated 7/11/06 returned from Darryl Orrin Baker; envelope marked "not at this address; Return to Sender." The next docket entries, dated February 9, 2007, are a notice indicating Plaintiff's change of address to FCI Lewisburg and a letter from Plaintiff stating that he never received this Court's order dated July 11, 2006. A second notice of change of address, entered on the docket on June 8, 2007, indicates Plaintiff's transfer to a federal correctional institution in Sandstone, Minnesota, where he is currently located.

Also on June 8, 2007, Plaintiff filed five separate motions, variously captioned "Plaintiff's Rule 60(b) Motion Pursuant to Fed. Rule. Civ. P." [35], "Motion for Re-Opening the Time to File an Appeal Pursuant to Rule 4(a)(6)(B) and Rule 77(d)" [36], "Motion to File Out of Time Appeal Pursuant to Fed. Rule. App. P. 4(a)(4)(A)" [37], "Motion to File a Notice of Appeal Pursuant to Fed. Rule. App. P. 4(a)(1)(A)" [38], and "Motion to File A [sic] Appeal Pursuant [sic] Fed. Rule. App. P. 4(a)(4)(A)(vi)" [39]. Plaintiff has since sought mandamus relief and filed three additional motions captioned, respectively, "Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. Rules. Civ. P. 59(e)" [46], "Plaintiff's Motion for Leave to File a Notice of Appeal Pursuant to Fed. Rules. App. P. Rule 3(a)" [47], and "Plaintiff [sic] Motion for Leave to File a Direct Appeal Pursuant to Fed. Rule Civ. P. 4(a)(1)(A)" [48]. Defendants have filed a memorandum opposing Plaintiff's requests for relief [43], and Plaintiff in turn has filed an "Opposition to the Defendants' Opposition" [44].

All of Plaintiff's motions essentially seek leave to reopen the time for filing post-judgment motions and/or taking an appeal from this Court's July 11, 2006 memorandum order. The basis for the motions is that Plaintiff never received the Order because, for reasons that are unclear, the copy that had been addressed to him was returned to the Court.

In a case such as this where the United States or its officers or agencies are parties to a lawsuit, a notice of appeal must be filed within 60 days after entry of the judgment or order which is the subject of the appeal. *See* Fed. R. App. P. 4(a)(1)(B). Thus, the normal time for appeal in this case would have expired on September 10, 2006. Because Plaintiff never received notice of the July 11, 2006 Memorandum Order within that time period, he failed to file a timely notice of appeal. The filing of a notice of appeal in a timely manner is a mandatory prerequisite for establishing appellate jurisdiction. *Bowles v. Russell*, — U.S. —, — ,127 S. Ct. 2360, 2363-64 (2007); *Poole v. Family Court of New Castle County*, 368 F.3d 263, 264 (3d Cir. 2004).

Nevertheless, Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order ... is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Fed. R. App. P. 4 advisory committee's note to 1991 Amendment. Specifically, Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Of these three necessary conditions, Plaintiff appears to meets two. Plaintiff represents that he was not formally served with a copy of the July 11, 2006 Memorandum Order until January 7, 2008, which is obviously well after the 21-day period required by subsection (A). In addition, no claim has been made by Defendants that they would be prejudiced by a reopening of the appeal period, so subsection (C) is presumably satisfied. The problem, however, is subsection (B), which requires that the Plaintiff's motion to reopen the appeal period be filed within 180 days after the contested judgment/order is entered or within 7 days after the Plaintiff received formal notice of it, *whichever is earlier*. Because the contested Memorandum Order was entered on July 11, 2006, Plaintiff had 180 days – or until January 7, 2007 – in which to file a motion to reopen the time for appeal.[2] Unfortunately for Plaintiff, he failed to file any motion for relief within this time period. Because Plaintiff did not satisfy the mandatory requirement of subsection (B), he cannot rely on Rule 4(a)(6) for relief.

In arriving at this conclusion, the Court is fully cognizant of the harshness of this rule as applied to the facts at hand. Through no apparent fault of his own, Plaintiff was never served with a copy of the July 11, 2006 Memorandum Order. For reasons not clear from the record, the copy of the Memorandum Order that had been mailed to Plaintiff's address of record was returned to the Court with the notation that Plaintiff was no longer located at that address. Accordingly, the Clerk made a notation on the

---

[2] Plaintiff represents that this Court's July 11, 2006 Memorandum Order was not formally served on him until January 7, 2008. Therefore, his motions to reopen the appeal period were certainly filed before expiration of the 7-day window following his formal notice of the Memorandum Order because the motions were actually filed *before* he received formal notice. Unfortunately, however, that is of no moment because the *earlier deadline* – and therefore the *operative deadline* – in this case was January 7, 2007, the 180th day following entry of the Memorandum Order.

docket,[3] and the Court assumed that Plaintiff had been transferred to another facility but had failed to provide the Clerk a forwarding address.  Plaintiff represents that he never received actual, much less formal, notice of our July 11, 2006 ruling until after the 180-day period had already expired.  Now, it would seem, he is forever precluded from appealing the July 11, 2006 Memorandum Order.

Though the Court is sympathetic to the loss of Plaintiff's appellate rights under these circumstances, the Court has no discretion on the matter.  The rule is quite clear that reopening of the appeal period "may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, *whichever is earlier*."  Fed. R. App. P. 4 advisory committee's notes to 1991 Amendment (emphasis supplied).  The rule thus establishes an "outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal," *id*., and accordingly, "an appeal cannot be brought more than 180 days after entry [of the contested judgment], no matter what the circumstances."  Fed. R. App. P. 4 advisory committee's note to 2005 Amendments.  Other federal courts of appeals have applied the rule in this manner even in cases where the aggrieved party never received notice of the subject order within the 180-day period.  *See, e.g., Vencor Hospitals, Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, 1309-10 (11th Cir. 2002) (plaintiff hospital was foreclosed under Fed. R. App. P. 4(a)(6) from reopening the time for appeal from district court's order despite the fact that hospital never received actual notice of the order until almost one year after it had been entered; "plain meaning" of Rule 4(a)(6) is that district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order); *Clark v. Lavallie*, 204 F.3d 1038, 1039-40 (10th Cir. 2000) (denying relief where pro se prisoner did not receive actual notice of adverse ruling until more

---

[3] As the parties correctly point out, this notation was a private entry and would not have appeared on the public docket.

than seven months after ruling was entered; noting that "[t]he 180-day limitation which governs this case is specific and unequivocal."); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir, 1994) (aggrieved party could not obtain relief under Fed. R. App. P. 4(a)(6) despite the fact that it did not receive notice of adverse order until 199 days after its entry; "district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific [180-day] period, even if the appellant does not receive notice until that period has expired").

Moreover, the apparent harshness of the rule is mitigated somewhat by the policy considerations which underlie it. As our own circuit court of appeals has observed, the relief under Rule 4(a)(6) "is not freely available because it was designed not to unduly affect the time when judgments become final." *Marcangelo v. Boardwalk Regency,* 47 F.3d 88, 90 (3d Cir. 1995). Accordingly, "[b]y providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." *Vencor Hospitals, Inc.*, 279 F.3d at 1309.

It should also be noted that the rule, in conjunction with Fed. R. Civ. P. 77(d), is designed to encourage parties to diligently monitor the status of their cases so as to protect their appellate rights. See *In re Stein*, 197 F.3d 421, 424 (9th Cir. 1999) ("[I]t had long been the burden of the party to ascertain when the judgment or order was entered, even if the notice of entry was not sent or was not received.") (citation omitted). *See also* Fed. R. Civ. P. 77(d) advisory committee's note to 1991 Amendment ("The present strict rule imposes a duty on counsel to maintain contact with the court while a case is under submission."). As one court has explained:

> The very structure of the changes [to Fed. R. App. P. 4(a)(6)] makes it clear that parties are expected to energize themselves, and to discover the entry [of the adverse ruling], with or without a notice. Failing that, they lose the right to appeal. Allowing further extensions or tampering with those time limits for conferring appellate jurisdiction upon us, based solely on notice problems, would relax the "outer time limit" that Rule 4(a)(6) was intended to set, and would undermine (or even eliminate) the very

purpose and need for the rule itself.

*In re Stein*, 197 F.3d at 425. *See also Zimmer St. Louis, Inc.*, 32 F.3d at 361 (acknowledging that defendant was subjected to "considerable hardship of having no opportunity to appeal [adverse post-judgment order] in spite of the fact that neither [party] knew, until seven months afterward, of the trial court's original order denying [the defendant's] post-trial motions," but noting that "if [the defendant's] lawyers had asked to see [the] official civil docket, ... they would have learned of the order."). These policy rationales govern even in cases like this one where the aggrieved party is proceeding *pro se*. *See Clark*, 204 F.3d at 1041 ("The essence of Rule 4(a)(6) is finality of judgment. While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases.").

Notwithstanding the fact that Fed. R. App. P. 4(a)(6) provides no relief under the present circumstances, Plaintiff has attempted to remedy the loss of his appellate rights through other procedural avenues, but to no avail. In short, the other rules on which he relies are inapposite. Plaintiff points out that, under Fed. R. Civ. P. 77(d), the Clerk is required, "[i]mmediately after entering an order or judgment," to "serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). However, the rule goes on to state that "[l]ack of notice of the entry does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).[4] *Id.* at Rule 77(d)(2). *See also Poole*, 368 F.3d at 265-66.

---

[4] Though Plaintiff cites to other subsections of Fed. R. App. P. 4(a) besides subsection 4(a)(6), none of the other subsections authorize the relief he is seeking. For example, Plaintiff seeks relief in one motion under Rule 4(a)(1)(A), which merely establishes that the usual time period for filing an appeal in a civil case is 30 days after entry of the judgment or order being appealed from. That particular provision is not even applicable in this case; given that the United States was a named party to this lawsuit, the applicable appeal period was 60 days. *See* Fed. R. App. P. 4(a)(1)(B).

As noted above, Plaintiff fails to meet the requirements of Appellate Rule 4(a)(6).

Plaintiff also purports to rely on Fed. R. Civ. P. 59(e) and 60(b). Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Obviously, because of Plaintiff's lack of notice, he failed to file any Rule 59 motion within the required 10-day period following this Court's entry of the July 11, 2006 Memorandum Order. Rule 59 does not otherwise extend any relief to Plaintiff under the circumstances.

Rule 60(b) states, in part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although some courts used to rely on this provision as a basis for reinstating appellate rights, *see Zimmer St. Louis, Inc.*, 32 F.3d at 360 (citing cases), that practice is no longer viewed as permissible. The consensus view among federal courts is that Fed. R. App. P. 4(a)(6) provides the exclusive remedy where a party's time to appeal a ruling has lapsed due to lack of notice. *See Poole,* 368 F.3d at 266 ("In a civil case ... the only way in which a party may obtain relief based on a clerk's failure to serve notice of the entry of a judgment or order is via Appellate Rule 4(a)."). *Accord Baughman v. Ward*, 178 Fed. Appx. 810, 812-13, 2006 WL 1124032 at *2 (10th Cir. April 28, 2006) (Fed. R. App. P. 4(a)(6) effectively removed the courts' authority to use Fed. R. Civ. P. 60(b) as a means to reopen the time for appeal); *Vencor Hosp., Inc.*, 279 F.3d at 1311 ("Rule 4(a)(6) provides the exclusive method of extending a party's time to appeal for failure to receive

---

Regardless, however, it is undisputed that Plaintiff failed to file a notice of appeal within that period.
     Plaintiff also purports to rely on Rule 4(a)(4)(A) and subsection (vi) thereunder. That rule addresses the effect which the filing of certain types of motions (including motions filed under Fed. R. Civ. P. 60 to obtain relief from a judgment) have on the period for filing a notice of appeal. However, this rule has no particular applicability in terms of reopening the time for appeal where, as here, no Rule 60 or other post-judgment motion was timely filed in the district court.

actual notice that a judgment or order has been entered" and "Federal Rule of Civil Procedure 60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6)."); *Clark*, 204 F.3d at 1041 ("We also agree the specificity of Rules 4(a)(6) and 77(d) 'precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.'") (citation omitted); *In re Stein*, 197 F.3d at 425 (9th Cir. 1999) (noting that the plain language of Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) preclude the use of Fed. R. Civ. P. 60(b)(1) and (6) to cure problems of lack of notice); *Zimmer St. Louis, Inc.*, 32 F.3d at 360-61 ("It is our view that [Appellate Rule 4(a)(6)] was designed to respond to the circumstances that had prompted courts to use Fed. R. Civ. P. 60(b)(6) to circumvent the deadlines specified by Fed. R. App. P. 4(a)(5). Other courts and commentators have so concluded as well.") (citing authority); *Lewis v. Blaine*, No. Civ. A. 02-1162 (JBS), 2005 WL 3536075 at *4 (D.N.J. Dec. 21, 2005) (noting that "[v]irtually every circuit" that has addressed whether "a litigant ... can use a motion under Fed. R. Civ. P. 60(b) motion to circumvent the time limit to appeal placed on parties under Fed. R. App. P. 4(a)(6) ...has deemed this practice impermissible") (citing authorities).

Finally, Plaintiff has complained that failure to reopen the time period will result in a denial of his constitutional rights. Similar claims have been raised, and rejected, in the context of a court's application of Fed. R. App. P. 4(a)(6). *See, e.g., In re Stein*, 197 F.3d at 426 n. 11 (rejecting claim that appellant's constitutional rights would be violated if he did not obtain leave to file belated appeal; since the procedural right to appeal is limited in time and "the onus is upon the party to determine" when the appeal time begins to run, "[a]ny lost of rights by [the appellant] was due to his own neglect").

AND NOW, to wit, this 31st day of January, 2008, upon consideration of the following motions:

1. "Plaintiff's Rule 60(b) Motion Pursuant to Fed. Rule. Civ. P." [35];
2. "Motion for Re-Opening the Time to File an Appeal Pursuant to Rule 4(a)(6)(B) and Rule 77(d)" [36];

3. "Motion to File Out of Time Appeal Pursuant to Fed. Rule. App. P. 4(a)(4)(a)" [37];

4. "Motion to File a Notice of Appeal Pursuant to Fed. Rule. App. P. 4(a)(1)(A)" [38];

5. "Motion to File A [sic] Appeal Pursuant [sic] Fed. Rule. App. P. 4(a)(4)(A)(vi)" [39];

6. "Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. Rules. Civ. P. 59(e)" [46];

7. "Plaintiff's Motion for Leave to File a Notice of Appeal Pursuant to Fed. Rules. App. P. Rule 3(a)" [47]; and

8. "Plaintiff [sic] Motion for Leave to File a Direct Appeal Pursuant to Fed. Rule Civ. P. 4(a)(1)(A)" [48];

IT IS HEREBY ORDERED, based upon the foregoing reasons, that said motions are DENIED.

    s/    Sean J. McLaughlin
          SEAN J. McLAUGHLIN
          United States District Judge

cm: All parties of record.