**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DARRYL ORRIN BAKER,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　)
　　　v.　　　　　　　　　　　)　　　C.A. No. 05-146 Erie
　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　)
et al.,　　　　　　　　　　　　)
　　　　　　Defendants.　　　　)

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., District J.,

On July 11, 2006, this Court entered a Memorandum Order granting the

Defendants' dispositive motions and closing the above-captioned case [Doc. # 29].

Nearly eleven months later, Plaintiff filed a slew of motions seeking to re-open the time

for post-judgment motions and/or appeal on the ground that he had not been served

with the Memorandum Order.  In a separate Memorandum Order filed on January 31,

2008 [Doc. # 49], this Court denied Plaintiff's motions on the ground that Plaintiff did not

satisfy the criteria for re-opening the time for appeal under Fed. R. App. P. 4(a)(6).  *See*

*Baker v. United States*, 534 F. Supp. 2d 578 (W.D. Pa. 2008).

Plaintiff is now once again before the Court with three motions, *to wit*:  (1)

"Plaintiff's Motion for Leave to File a Second Direct Appeal Pursuant to Fed. Rules. [sic]

App. P. 4(a)(1)(A)" [Doc. # 51]; (2) "Motion for Leave to Amend the Plaintiff's Notice of

Appeal Pursuant to Fed. Rules. [sic] Civ. P. 3 and 4" [Doc. # 52]; and (3) "Plaintiff's

Second Motion Pursuant to Fed. Rule. [sic] Civ. P. 59(e) Motion to Alter or Amend

Judgment" [Doc. # 53].  Collectively, these motions seek reconsideration of my January

31, 2008 Memorandum Order and a re-opening of Plaintiff's time to appeal the July 11, 2006 case-dispositive ruling.

More specifically, Plaintiff urges this Court to "amend" or "alter" its January 31, 2008 ruling on the ground that I misapprehended and overlooked material facts showing that federal prison authorities mishandled Plaintiff's copy of the July 11, 2006 Memorandum Order. Relying on the Third Circuit's ruling in *United States v. Grana,* 864 F.2d 312 (3d Cir. 1989), Plaintiff argues that his appeal period was tolled as a result of the prison staff's failure to deliver his copy of the Memorandum Order.

Generally, the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to consider newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Here, the only arguably applicable ground is the last one. Thus, Plaintiff must show that reconsideration of my January 31, 2008 ruling is necessary to correct a clear error of law or fact or to prevent manifest injustice.

This he cannot do. As I previously observed, Fed. R. App. P. 4(a)(6) provides limited circumstances under which a period of appeal can be re-opened by the district court:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are

satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). For the reasons previously discussed in my January 31, 2008 Memorandum Order, I remain convinced that the 180-day limit set forth in subpart (B) establishes an "outer time limit" during which a party may seek additional time for appeal, but after which "an appeal cannot be brought ... no matter what the circumstances." *See* Fed. R. App. P. 4 advisory committee's notes to 1991 Amendment and 2005 Amendments.

Though I acknowledge the rule established by the Third Circuit in *Grana*, I conclude that it provides no relief for Plaintiff here. In *Grana*, the Court of Appeals was faced with a *pro se* criminal defendant's appeal from an order of the district court denying the defendant's motion to correct his presentence investigation report pursuant to Fed. R. Crim. P. 32. The "threshold" issue before the court was whether the defendant's notice of appeal had been timely filed where the defendant alleged that, due to the federal correctional center's negligent mishandling of his incoming mail, he never received a copy of the district court's adverse order until after the appeal period had expired. In considering the jurisdictional question of whether the defendant's

appeal was timely, the court ruled that any delay by prison officials in transmitting notice

of a final order or judgment to an incarcerated *pro se* litigant should be excluded from a

computation of the defendant's time for appeal.

 While Plaintiff's reliance on *Grana* is understandable, it is to no avail.  The Third

Circuit expressly declined to extend *Grana*'s holding to civil cases in *Poole v. Family*

*Court of New Castle County*, 368 F.3d 263 (3d Cir. 2004):

> ... *Grana* was a criminal case.  Because the present case is civil, the
> approach that we took in *Grana* is foreclosed by Federal Rule of Civil
> Procedure 77(d) and Federal Rule of Appellate Procedure 4(a).  Under
> Civil Rule 77(d), a district court clerk must notify all parties not in default
> "[i]mmediately upon the entry of an order or judgment."  The Rule goes on
> to state, however, that "[l]ack of notice of the entry by the clerk does not
> affect the time to appeal or relieve or authorize the court to relieve a party
> for failure to appeal within the time allowed, except as permitted in Rule
> 4(a) of the Federal Rules of Appellate Procedure."  Appellate Rule 4(a), in
> turn, provides a procedure for reopening the time to file a notice of appeal
> when the party desiring to appeal does not receive notice of the entry of
> the judgment or order.  In a civil case, therefore, the only way in which a
> party may obtain relief based on a clerk's failure to serve notice of the
> entry of a judgment or order is via Appellate Rule 4(a), not via the *Grana*
> approach.
>
>  The *Grana* approach remains viable [ ] in criminal cases because
> the Federal Rules of Criminal Procedure do not contain any provision
> analogous to Civil Rule 77(d) and because Appellate Rule 4(b), which
> deals with appeals in criminal cases, does not contain any provision
> analogous to Appellate Rule 4(a)(6).[ ]  However, the *Grana* approach
> cannot be used to extend the time for filing a notice of appeal in a civil
> case.

368 F.3d at 265-66 (internal footnotes omitted).

 Plaintiff attempts to distinguish the case at bar from *Poole* by asserting that,

"[u]nlike Poole who received a notice of the entry order dismissing his claim, and was

able to file a notice of appeal[,] the Plaintiff was not because Plaintiff did not receive

a[n] Order or Judgment like Poole received."  (Pl.'s Suppl. Opp. to Def.'s Opp. to Pl.'s

Mot. Seeking Reconsideration of the Mem. Order Dated January 31, 2008 [Doc. # 57]

at p. 5.)  This is not a meaningful basis on which to distinguish *Poole*'s holding.  First, it is undisputed that Plaintiff *did* receive a copy of this Court's case-dispositve ruling, albeit not until January 7, 2008 (according to Plaintiff).  Second, while it is true that the plaintiff in *Poole*, unlike Plaintiff here, received notice of the adverse ruling within the 180-day period established by Fed. R. App. P. 4(a)(6), this factual distinction was not material to the court's holding.  In *Poole*, the applicable deadline by which the plaintiff had to file a Rule 4(a)(6) motion was seven days after his receipt of the adverse ruling, as that was the *earlier* deadline.  *See* Fed. R. App. P. 4(a)(6)(B) (requiring that motion to re-open appeal period be filed within 180 days after the judgment or order is entered *or* within 7 days after the moving party receives notice of the entry, *whichever is earlier*).  Because the plaintiff in *Poole* failed to file his motion to reopen the appeal period within that time frame, the court held that he was forever precluded from doing so, notwithstanding the fact that there had been delay in transmitting notice of the court's ruling to him.  In so holding, the Court of Appeals unequivocally held that the rule of *Grana* is inapplicable to civil cases.  *See* 368 F.3d at 266.

Plaintiff also attempts to distinguish *Poole* on the ground that, here, the delay allegedly resulted from prison officials mishandling the Plaintiff's copy of my July 11, 2006 order whereas, in *Poole*, the delay was attributable to errors committed by the clerk of court.  Plaintiff refers me to a footnote wherein the *Poole* court observed that, "even if [Fed. R. Civ. P. ] 77(d) and Appellate Rule 4(a) did not preclude us from applying *Grana* in the civil context, we would be reluctant to extend *Grana* to a case such as the present one, where the delay was not primarily due to Poole's status as an inmate but to the simple fact that he was moved."  368 F.3d at 266 n. 4.  However, this language is dicta, as the court's ruling was clearly premised on its conclusion that the rule of *Grana* is inapplicable to civil actions.  *See id.* at 266 (discussing the fact that *Grana*'s approach is foreclosed by Fed. R.Civ. P. 77(d) and Fed. R. App. P. 4(a)).

Finally, Plaintiff attempts to draw a distinction based on his assertion that "Poole[ ] was able to file a notice of appeal and the Plaintiff was not."  (Pl.'s Supp. Opp.

[Doc. # 57] at p. 7.)  In so arguing, Plaintiff misses the point of *Poole.*  Though the plaintiff in *Poole* did in fact file a notice of appeal (belatedly), he was unable to obtain any relief thereby; rather, the court held that under the circumstances of that case, Poole's only remedy was to file a motion to reopen the time for appeal under Fed. R. App. P. 4(a)(6).  Because Poole failed to file a Rule 4(a)(6) motion within the applicable deadline, his notice of appeal was invalid and the appellate court lacked jurisdiction to hear his case.

Plaintiff also refers us to *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993), as evidence that *Grana* applies to civil, as well as criminal, matters; however, Plaintiff's reliance on *Garvey* in this regard is misplaced.  For one, *Garvey* is a decision rendered by the Eleventh Circuit Court of Appeals; thus, whatever persuasive value that decision might have, it cannot trump the binding authority embodied in decisions – like *Poole* – issued by our own circuit court of appeals.  Second, *Garvey* involved questions as to the timeliness of *pro se* prisoner complaints asserting claims under 42 U.S.C. §1983, *Bivens*,[1] and the Federal Tort Claims Act.  Because *Garvey* did not involve issues of belated appeals resulting from the delayed transmission of an adverse court ruling, it did not address the question now before us – *i.e.*, whether the Third Circuit's ruling in *Grana* can effectively extend the 180-day time limit for filing motions under Fed. R. App. P. 4(a)(6).

For these reasons, I find no merit in Plaintiff's contention that this Court should hold an evidentiary hearing to determine whether prison officials in fact interfered with the transmittal to Plaintiff of my July 11, 2006 dispositive ruling.  I have already concluded as a matter of law that the180-day period for seeking relief under Fed. R. App. P. 4(a)(6) is an absolute outer limit – statutorily imposed by Congress –  which we have no authority to extend.  *See Bowles v. Russell*, – U.S. –, 127 S. Ct. 2360, 2363-2366 (2007) (because Fed. R. App. P. 4(a)(6) effectuates Congress's authorization in

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

28 U.S.C. § 2107(c) concerning the circumstances under which district courts can reopen the period for appeal, the requirements of Rule 4(a)(6) are mandatory and jurisdictional and, consequently, district court was not free to extent the time for reopening appeal beyond the 14-day period allowed by Rule 4(a)(6)). Accordingly, there is no point to holding an evidentiary hearing because the facts which Plaintiff seeks to develop are not material: even if I were to find that prison officials interfered with the timely transmittal of my July 11, 2006 Memorandum Order to Plaintiff, thereby prejudicing his appellate rights, I would have no discretion under Fed. R. App. P. 4(a)(6) to provide the relief that Plaintiff seeks. *Accord McNeil v. Saffle*, 974 F.2d 1345, 1992 WL 208187 (10th Cir. Aug. 18, 1992) (Table No. 91-7126) (*pro se* prisoner's request to reopen time for appealing adverse ruling on § 2254 petition was denied as untimely under Fed. R. App. P. 4(a)(6) where such request was made more than 180 days after entry of the final judgment, notwithstanding prisoner's assertion that he did not receive notice of the judgment until some seven months after its entry due to, among other things, mishandling of mail by prison officials).

In his latest filing entitled "Plaintiff's Opposition to Defendant's Opposition to Plaintiff's Motions Seeking Reconsideration of the Memorandum Order Dated January 31, 2008" [Doc. # 58], Plaintiff insists that he not actually seeking relief based on *Grana*, but on *Houston v. Lack*, 487 U.S. 266 (1988), wherein the Supreme Court first pronounced the "mailbox rule." As Plaintiff points out, the "mailbox rule" applies to civil cases. Even so, *Houston v. Lack* is of no help to Plaintiff. In that case, the Supreme Court held that, for purposes of Fed. R. App. P. 4(a)(1), which requires that a notice of appeal from a civil order or judgment be filed within 30 days after its entry, a *pro se* prisoner's notice of appeal is deemed "filed" at the moment it is delivered to prison authorities for forwarding to the district court. Here, we are not concerned with the date on which Plaintiff deposited his notice of appeal (or any other court paper) with prison authorities for filing. Rather, I am called upon to apply the clear language of Fed. R. App. P. 4(a)(6), which unequivocally required Plaintiff to file a motion to reopen the appeal period within 180-days after the adverse ruling was entered on the docket.

Even if I were to apply the mailbox rule to Plaintiff's motion to reopen the appeal period (deeming it filed as of the moment it was entrusted to prison officials for forwarding to the district court), the motion must be considered untimely because it was "filed" outside the prescribed 180-day filing period.  Plaintiff's citations to *In re Flanagan*, 999 F.2d 753 (3d Cir. 1993) and other cases implementing the mailbox rule are equally unavailing.

In sum, Plaintiff has not demonstrated that reconsideration of my January 31, 2008 ruling is necessarily to correct a clear error of law or fact or to prevent manifest injustice.  Accordingly, the following order is entered:

AND NOW, *to wit*, this 10th day of April, 2008, upon consideration of:

(1) "Plaintiff's Motion for Leave to File a Second Direct Appeal Pursuant to Fed. Rules. [sic] App. P. 4(a)(1)(A)" [Doc. # 51];

(2) "Motion for Leave to Amend the Plaintiff's Notice of Appeal Pursuant to Fed. Rules. [sic] Civ. P. 3 and 4" [Doc. # 52]; and

(3) "Plaintiff's Second Motion Pursuant to Fed. Rule. [sic] Civ. P. 59(e) Motion to Alter or Amend Judgment" [Doc. # 53],

IT IS HEREBY ORDERED for the reasons previously discussed that said motions are DENIED.

s/ Sean J. McLaughlin

SEAN J. McLAUGHLIN
United States District Judge

cm:    all parties of record
       Chief U.S. Magistrate Judge Susan Paradise Baxter