# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRYL ORRIN BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-146 Erie |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., District J.,

On July 11, 2006, this Court entered a Memorandum Order granting the Defendants' dispositive motions and closing the above-captioned case [Doc. # 29]. Nearly eleven months later, Plaintiff filed a slew of motions seeking to re-open the time for post-judgment motions and/or appeal on the ground that he had not been served with the Memorandum Order. In a separate Memorandum Order filed on January 31, 2008 [Doc. # 49], this Court denied Plaintiff's motions on the ground that Plaintiff did not satisfy the criteria for re-opening the time for appeal under Fed. R. App. P. 4(a)(6). *See Baker v. United States*, 534 F. Supp. 2d 578 (W.D. Pa. 2008).

Thereafter, on February 15, 2008, Plaintiff filed several motions, including: (1) "Plaintiff's Motion for Leave to File a Second Direct Appeal Pursuant to Fed. Rules. [sic] App. P. 4(a)(1)(A)" [Doc. # 51]; (2) "Motion for Leave to Amend the Plaintiff's Notice of Appeal Pursuant to Fed. Rules. [sic] Civ. P. 3 and 4" [Doc. # 52]; and (3) "Plaintiff's Second Motion Pursuant to Fed. Rule. [sic] Civ. P. 59(e) Motion to Alter or Amend Judgment" [Doc. # 53]. Originally, I construed these three motions as collectively

seeking reconsideration of my January 31, 2008 Memorandum Order and a re-opening of Plaintiff's time to appeal the July 11, 2006 case-dispositive ruling. By Memorandum Order dated April 10, 2008 [Doc. # 59], I denied these motions, having found no basis to amend or alter my January 31, 2008 ruling.

Upon further consideration, however, I conclude that the document styled as "Plaintiff's Motion for Leave to File a Second Direct Appeal Pursuant to Fed. Rules. [sic] App. P. 4(a)(1)(A)" [Doc. # 51] should have been construed not as a motion for reconsideration but rather as an attempt by the Plaintiff to directly appeal to the Third Circuit Court of Appeals my Memorandum Order of January 31, 2008. To the extent a party seeks to timely appeal a district court ruling as to which he has an appeal as of right, he need not obtain leave of the district court to do so, but need only file a simple notice in accordance with Rule 3 of the Federal Rules of Appellate Procedure. Fed. R. App. P. 3. Thus, to the extent Plaintiff sought to timely appeal my January 31, 2008 ruling, he need not have filed a motion seeking the Court's permission.

Nonetheless, given the significance to Plaintiff of my January 31, 2008 ruling, and, it appearing that he made a timely attempt to appeal that ruling to the Third Circuit, his "motion" docketed as Document No. 51 and styled "Plaintiff's Motion for Leave to File a Second Direct Appeal Pursuant to Fed. Rules. [sic] App. P. 4(a)(1)(A)" will be construed, *nunc pro tunc*, as a timely notice of appeal and retroactively docketed as such. In all other respects, my Memorandum Order of April 10, 2008, denying Plaintiff's motions for reconsideration, will remain unchanged.

ACCORDINGLY, this 29th day of April 2008, for the reasons previously stated,

IT IS HEREBY ORDERED that this Court's Memorandum Order dated April 10, 2008 [Doc. # 59] is amended as follows: "Plaintiff's Motion for Leave to File a Second Direct Appeal Pursuant to Fed. Rules. [sic] App. P. 4(a)(1)(A)" [Doc. # 51], which was originally construed as a motion for reconsideration and denied, will be construed, *nunc pro tunc*, as a timely notice of appeal relative to this Court's prior ruling of January 31, 2008 and re-docketed accordingly. In all other respects, this Court's Memorandum Order of April 10, 2008 remains unchanged and in full effect.

        s/ Sean J. McLaughlin
        SEAN J. McLAUGHLIN
        United States District Judge

cm: all parties of record
     Chief U.S. Magistrate Judge Susan Paradise Baxter